**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EFRAIN MUNOZ; et al., | No. 22-15407 |
| Plaintiffs-Appellants, | D.C. No. 1:08-cv-00759-MMB-BAM |
| v. | |
| PHH CORPORATION, a Maryland corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
M. Miller Baker, International Trade Judge, Presiding

Submitted February 17, 2023[**]
San Francisco, California

Before: WARDLAW, NGUYEN, and KOH, Circuit Judges.

Plaintiffs appeal the district court's denial of their motion to modify a final

pretrial order in this certified class action alleging that Defendants violated the

Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607. As the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

parties are familiar with the facts of this case, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992), we reverse and remand.

The final pretrial order "established the standard for seeking relief from the order." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). To introduce an undisclosed witness or exhibit, Plaintiffs must satisfy either one of two independent provisions of the final pretrial order. Under the first provision, Plaintiffs are required to "demonstrate[] that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference" and "demonstrate[] that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated."

The district court abused its discretion in barring under this first provision one witness and one exhibit that Plaintiffs sought to introduce as evidence of economic injury for purposes of Article III standing. Plaintiffs proffered this evidence of economic injury in light of the Supreme Court's intervening decision in *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021), which was decided four weeks after the final pretrial conference. Prior to *TransUnion*, the district court held on summary judgment that Plaintiffs were not required to present such evidence because their alleged informational injury was sufficient to satisfy the injury-in-

2

fact requirement of Article III standing.  *Munoz v. PHH Mortg. Corp.*, 478 F. Supp. 3d 945, 983–84 (E.D. Cal. 2020).  The operative complaint alleged that Defendants "purposefully provided neither a meaningful disclosure nor a meaningful choice to its borrowers regarding its captive reinsurance arrangements."  *Id.* at 983 (citation omitted).  Because this informational injury "directly implicat[ed] one of the harms identified by and targeted for elimination by Congress," *id.* (citing 12 U.S.C. §§ 2603, 2604, 2607(c)), the district court relied on *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), to conclude that Plaintiffs "need not allege any *additional* harm beyond the one Congress has identified," *Munoz*, 478 F. Supp. 3d at 982 (quoting *Spokeo*, 578 U.S. at 342).  Based on this ruling, the parties represented in their joint pretrial statement that, as to Article III standing, the sole disputed factual issue for trial concerned proof of the alleged informational injury alone.  The district court adopted the parties' affirmative representations in its final pretrial order, which did not list proof of economic injury as a trial issue.

However, after the pretrial conference, *TransUnion* required Plaintiffs to further prove "downstream consequences" from their alleged informational injury because an "asserted informational injury that causes no adverse effects cannot satisfy Article III."  141 S. Ct. at 2214 (citations omitted).  Because *TransUnion*'s intervening change in the law foreclosed Plaintiffs' ability to proceed to trial on an

3

informational injury theory of standing, Plaintiffs could not have reasonably anticipated the need for their undisclosed evidence of economic injury. Indeed, Defendants conceded below that *TransUnion* changed the law such that Plaintiffs could no longer rely on an informational injury without also proving adverse effects on a classwide basis.

Plaintiffs could not have reasonably anticipated the need for evidence of economic injury five years prior to the final pretrial conference as a result of *Spokeo*. As the district court's summary judgment ruling recognized, *Spokeo* left open the door for Plaintiffs' alleged informational injury alone to confer Article III standing. *Munoz*, 478 F. Supp. 3d at 982–83. Moreover, Plaintiffs were entitled to rely on the district court's summary judgment decision and the subsequent final pretrial order, both of which made clear that evidence of economic injury was not required for standing purposes. *Cf. Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 386 (2d Cir. 1989) ("Once a district judge issues a partial summary judgment order removing certain claims from a case, the parties have a right to rely on the ruling by forbearing from introducing any evidence . . . in regard to those claims.").

Because *TransUnion*'s effect on Plaintiffs' ability to prove standing could not have been reasonably anticipated at the pretrial conference, and Plaintiffs justifiably relied on the district court's summary judgment ruling and the final pretrial order allowing them to proceed to trial on an informational injury alone,

4

the district court abused its discretion in barring their evidence under the first late disclosure provision of the final pretrial order.[1]

**REVERSED and REMANDED for further proceedings.**

---

[1] In light of our conclusion, we need not reach Plaintiffs' other arguments that the district court erred in concluding that Plaintiffs did not meet the requirements of the second late disclosure provision and in declining to modify the final pretrial order under Fed. R. Civ. P. 16(e).